IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON DESHONE QUARLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-cv-00979-SMY |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Marlon Quarles' Petition for Writ of *habeas corpus* pursuant to 28 U.S.C. § 2255 (Civ. Doc. 1). The Government filed a response (Civ. Doc. 8). For the following reasons, the Petition is **DENIED**.

## Factual and Procedural Background

Marlon Quarles is currently incarcerated at FCI-Coleman. On September 18, 2019, a federal grand jury indicted Quarles for assault, resist, oppose, impede or interfere with a federal officer, in violation of 18 U.S.C. § 111(a)(1) (Count One); and possession of contraband by a federal inmate, in violation of 18 U.S.C. § 1791(a)(2) and (b)(4) (Count Two). *United States v. Quarles*, No. 19-30126-SMY (S.D. Ill. Sep. 18, 2019, Doc. 1).[1] On January 27, 2020, the Court appointed Attorney Terry Green to represent Quarles.[2] On February 10, 2020, Quarles filed a motion to represent himself (Doc. 26), but later withdrew the motion (Docs. 29, 30).

---

[1] Unless otherwise noted, record citations refer to Quarles' criminal case.

[2] The Court initially appointed an Assistant Federal Public Defender to represent Quarles on October 16, 2019, who later withdrew due to a conflict of interest (Docs. 20–22).

On February 25, 2020, Quarles pleaded guilty (Docs. 34–35, 37) pursuant to a plea agreement that set out the essential elements of Count One:

1. The defendant forcibly assaulted, resisted, opposed, impeded or interfered with a federal correctional officer;

2. The person assaulted, resisted, opposed, impeded, or interfered with was an officer or employee of the United States, as described above, then engaged in the performance of an official duty at the time of the assault, resistance, opposition, impediment, or interference with, as charged;

3. The defendant acted knowingly; and

4. The defendant made actual physical contact with the Federal Correctional Officer.

(Doc. 8-2. p. 2).

The plea agreement also included the following waiver:

V. Defendant's Wavier of Rights, Consequences of Plea of Guilty, and Appeal Waiver

5. **Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding,** including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment.

Additionally, under the terms of the plea agreement, Defendant's waiver does not apply to a claim that Defendant received ineffective assistance of counsel (Doc. 8-2, pp. 8–10).

On April 20, 2020, The U.S. Probation Office issued a Presentence Investigation Report on April 20, 2020 (Doc. 39). Quarles objected to the bodily injury enhancement, arguing that the correctional officer's injuries required no medical attention (Doc. 49, p. 1). The Government opposed the objection on the basis the bodily injury enhancement was in included in the parties' anticipated guideline range calculation reflected in the signed plea agreement (Doc.53, p. 2).

On July 16, 2020, Quarles filed another motion for self-representation (Doc. 62). On July 20, 2020, Attorney Green filed a motion to withdraw (Doc. 64). During a hearing on July 30, 2020, Green withdrew his motion and continued as Quarles' counsel (Doc. 67).

On August 19, 2020, Quarles was sentenced to 33 months' imprisonment,[3] to run consecutively with his undischarged term of imprisonment in the Eastern District of Missouri (No. 1:16-00135-1-SNJL) (Doc. 73). Quarles did not file a direct appeal (Civ. Doc. 1, p. 5).

In the instant § 2255 motion, Quarles raises two claims regarding his sentencing on Count 1: (1) constitutional violations due to receiving a sentence above the statutory maximum and disparate treatment compared to similarly situated individuals; and (2) ineffective assistance of counsel.

**Standard of Review**

An action brought under 28 U.S.C. § 2255 attempts to collaterally attack a sentence outside of the traditional avenue of appeal. As such, § 2255 relief "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013). In other words, § 2255 cannot be employed as a substitute for a direct appeal or

---

[3] Quarles' sentence consists of 33 months on Count 1 and 12 months on Count 2, to run concurrently (Doc. 73, p. 2).

to re-litigate issues decided on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

In considering a § 2255 motion, the district court is not required to hold an evidentiary hearing if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cooper v. United States*, 378 F.3d 638, 641-642 (citing *United States v. Kovic*, 830 F.2d 680 (7th Cir. 1987)). Here, the Court concludes that the issues presented can be decided on the existing record; an evidentiary hearing is not necessary.

## Discussion

### Constitutional Errors

Quarles' claims that the Court committed constitutional errors by sentencing him above the 12-month statutory maximum and imposing a disparate sentence when compared to similarly situated are collateral attacks which fall squarely within the scope of his plea agreement waiver. See *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016); *Oliver v. United States*, 951 F.3d 841, 858 (7th Cir. 2020) (Appellate waivers prelude collateral attacks and courts need not consider if claims were procedurally defaulted or whether a plaintiff could circumvent the default.). An effective waiver "extinguishes" any potential error and "precludes appellate review." *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000). "A waiver of appeal contained in a plea agreement is enforceable as long as the record clearly demonstrates that it was made knowingly and voluntarily." *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999).

It is clear from the record that Quarles agreed to the waiver knowingly and voluntarily. The waiver was in writing and signed by Quarles (Doc. 214, p. 12; Civ. Doc. 1, p. 4). Further, the plea agreement notes, "Defendant has reviewed the United States' evidence and has discussed the

United States' case, possible defenses, and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and possible defenses." (Doc. 8-2, pp. 12–13). Quarles does not claim that a waiver exception applies (except for his claim of ineffective counsel) and there is no evidence supporting such a finding. Therefore, as the Respondent has affirmatively invoked the waiver, the Court must enforce it; Quarles' claims that Court committed constitutional errors are barred.

Even if the Court were to consider the merits of Quarles' arguments, this claim would still fail. Quarles did not file a direct appeal, which procedurally defaults his claims. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). And he cannot overcome the procedural default because these claims have no merit. *White v. United States*, 8 F.4th 547, 554 (7th Cir. 2021). He received a 33-month sentence on Count 1, well below the eight-year statutory maximum, thus confirming his sentence is constitutional. 18 U.S.C. § 111(a)(2).

**Ineffective Assistance of Counsel**

Under the Sixth Amendment, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right encompasses the right to effective assistance of counsel. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009).

The Court must then determine whether Counsel's performance was outside the wide range of professionally competent assistance. *Id.* "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). The Court's review of Counsel's performance is "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

To satisfy the second prong, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner need not show that Counsel's deficient performance "more likely than not altered the outcome," but that the likelihood of a different result was "substantial, not just conceivable." *Harrington*, 562 U.S. at 111-12.

Quarles first claims his counsel was ineffective because Attorney Green allowed him to plead to a felony offense when he only committed a misdemeanor of simple assault because the Government did not specify the type of bodily injury inflicted on the victim. But Quarles committed a felony because "[his] acts involve *physical contact* with the victim of that assault." *United States v. Alone*, 11 F.4th 532, 535 (7th Cir. 2021) (emphasis added); *see* 18 U.S.C. § 111(a). Indeed, he stipulated in his plea agreement that "he ma[de] physical contact with [the victim]" when he "hit[] [the victim] in the chest with his shoulders" (Doc. 8-3, p. 1) and acknowledged one of the elements of the offense was "ma[king] actual physical contact with the Federal Correctional Officer." Contrary to Quarles' claim, neither case law nor the statute requires the Government to allege the type of bodily injury or to prove that an injury occurred to establish felony assault.

*Cf. United States v. Stands Alone*, 11 F.4th 532, 536 (7th Cir. 2021) (a defendant can only be convicted of a misdemeanor assault if the indictment does not allege physical contact). As such, his counsel's representation in this regard does not constitute incompetence.

Next, Quarles claims his counsel was ineffective for allowing him to agree to "the broadest possible kind of waiver that could exist", which precluded him from filing a subsequent compassionate release motion[4]. (Civ. Doc. 1, p. 14–16). This argument also fails. The record confirms that Quarles entered into the plea agreement knowingly and voluntarily, which he does not dispute. Consequently, his waiver, though broad, is enforceable. *Plunkett v. Sproul*, 16 F.4th 248, 253 (7th Cir. 2021). As such, he cannot support a finding of ineffective assistance of counsel.

## Conclusion

For the foregoing reasons, Quarles' Petition is **DENIED**; this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Quarles must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

---

[4] In November 2020, less than six months after his sentencing, Quarles filed a motion for compassionate release (Doc. 78). The Government responded with a motion to dismiss based on his plea agreement waiver, or alternatively, a motion to stay until the completion of his 188-month sentence (Doc. 84). This Court granted the Government's motion (Doc. 90).

presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Quarles has not made a substantial showing that his counsel's representation was ineffective. Nor has he demonstrated that reasonable jurists would disagree with the Court's analysis. Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**

**DATED:  September 10, 2024**

**STACI M. YANDLE**
**United States District Judge**